DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Champion Food Service, LLC, | CASE NO. 1:13-cv-01195 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Vista Food Exchange, et al. | |
| Defendants. | |

Pending before the Court are two 12(b)(6) motion to dismiss for failure to state a claim: Defendants' Matthew Gibson and Innovative Food Service, LLC's motion (R. 14) and Defendants' Joshua Newman and Vista Food Exchange, Inc.'s motion (R. 15). Plaintiff opposed the motions (R. 34, 35) and Defendants replied (R. 36). For the reasons that follow, Defendants' motions are **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Champion Foodservice, LLC ("Champion") filed the First Amended Complaint on May 2, 2013, in the Court of Common Pleas of Crawford County, Ohio. Complaint R. 1-1, PageID#: 7. The action names Matthew Gibson ("Gibson"), Innovative Food Service, LLC ("Innovative"), Vista Food Exchange ("Vista"), and Joshua Newman ("Newman") as Defendants. *Id.* Defendants filed Notice of Removal on May 29, 2013. R. 1.

The facts as alleged by Plaintiff Champion are as follows. Champion is an Ohio LLC located in Bucyrus, Crawford County, which is engaged in the business of providing meals for

(1:13-cv-01195)

children, schools, "and other similar customers." Complaint, R. 1-1, ¶ 1. Champion hired Matthew Gibson, a resident of Michigan, "as an independent contractor through his limited liability company, Innovative Food Service, LLC" to serve as President and CEO of Champion. *Id*. ¶ 6. Gibson was "responsible for preparing Champion's bid proposal to" the Ohio Association of Foodbanks (OAF), "which was due on March 1, 2013." *Id.* ¶ 11.

However, on February 26, 2013, Mr. Gibson "abruptly and without notice terminated his employment with Champion." *Id*. ¶ 12. On February 28, 2013, "Champion contacted Defendant Newman," an employee acting on behalf of Vista, "and inquired specifically as to whether Vista was working with Gibson on a bid." *Id.* ¶ 16. Newman told Champion he was not working with Gibson. *Id.* All Defendants acted in concert in that they were all "aware that Gibson possessed [Champion's] confidential trade secrets and proprietary information" and colluded to use this information for Vista to submits its own OAF bid at the expense of Champion. *Id.* ¶ 22, 24.

Finally, Gibson refused to return a laptop computer provided to him by Champion to use "while he served as the President and [CEO] of Champion." *Id.* ¶¶ 7, 13, 14. After Plaintiff filed the complaint, Gibson, "acting for himself and on behalf of all Defendants . . . , intentionally 'wiped' the computer memory and hard drive, thereby erasing all data related not only to Champion's business operations, but also related to Defendants' wrongful actions evidencing Champion's claims in this lawsuit against them." *Id.* ¶ 27.

(1:13-cv-01195)

Defendants collectively filed two motions to dismiss for failure to state a claim on June 14, 2013. R. 14, 15. Plaintiff Champion filed opposing memoranda. R. 34, 35. Defendants filed a reply memorandum in support on July 18, 2013.[1] R. 36.

**LAW**

Rule 8 of the Federal Rules of Civil Procedure, the general rule governing pleading, requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). But Rule 8 requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citing *Twombly*, 550 U.S. at 555). In the end, ruling on a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

Plaintiff's complaint also includes a fraud claim. R. 1-1, PageID#: 16. This triggers the heightened pleading requirements of Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

---

[1] Defendants Newman and Vista filed, without leave of court, a letter in support of the motion on July 29, 2013. R. 39.

(1:13-cv-01195)

Fed. R. Civ. P. 9(b). But the "conditions of a person's mind may be alleged generally." *Id.* This means a plaintiff is required "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012).

## ANALYSIS

Plaintiff Champion's complaint sets forth seven causes of action: (1) breach of fiduciary duty; (2) misappropriation of trade secrets; (3) tortious interference; (4) fraud; (5) civil conspiracy; (6) spoliation of evidence; and (7) conversion. Complaint, R. 1-1, PageID#: 7-13. Defendants contend all are insufficiently pled.

Defendants argue the breach of fiduciary duty claim should be dismissed because Gibson was hired as an independent contractor and Plaintiff has not pled any facts which would show there was a fiduciary relationship. *See* R. 14-1, PageID#: 224-35. But Champion's complaint alleges it hired Gibson, though paid as an independent contractor through an LLC, as President and CEO and had certain important duties. *See* R. 1-1, ¶¶ 6, 11, 29. "It is well-established that a corporate officer occupies a position of trust in relation to his corporation," and this "relationship imposes upon directors duties in the nature of a fiduciary obligation." *Wing Leasing, Inc. v. M & B Aviation, Inc.*, 44 Ohio App.3d 178, 181 (10th Dist. Ct. App. 1988) (citing *Thomas v. Matthews*, 94 Ohio St. 32, 43 (1916)). The Court concludes Plaintiff Champion sufficiently pled its breach of fiduciary duty claim.

4

(1:13-cv-01195)

Defendants next contend Plaintiff Champion insufficiently pled the existence of trade secrets because Plaintiff only provided a "formulaic recitation" of trade secrets which do not meet the definition of trade secret as set forth in the six-factor test set forward by the Ohio Supreme Court in *State ex rel The Plain Dealer v. Ohio Dept of Ins.*, 80 Ohio St. 3d 513, 524-25 (1997). R. 14, PageID#: 220; R. 15-1, PageID#: 274. Plaintiff's complaint alleges the trade secrets include "pricing lists, labor costs, packing costs, product costs, business markups, shipping costs, marketing costs, customer lists, active quotes, and business correspondence." R. 1-1, ¶ 37.

This suffices to plead the existence of a trade secret. "Customer lists in particular may constitute a trade secret, and there is a presumption of secrecy regarding such lists when the owner takes measures to keep it from being available to others."[2] *Power Marketing Direct, Inc. v. Ball*, 2004 U.S. Dist. LEXIS 29068, 2004 WL 5826149, at *6 (S.D. Ohio April 6, 2004) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kramer*, 816 F.Supp. 1242 (N.D. Ohio 1992)).

Defendants also argue Champion's common law claims are pre-empted by Ohio's Uniform Trade Secrets Act ("OUTSA"). R. 14-1, PageID#: 222; R. 15-1, PageID#: 277, 280. A common law claim is preempted if it is "based entirely on factual allegations of misappropriation of trade secrets." *Glasstech, Inc. v. TGL Tempering Systems, Inc.*, 50 F.Supp.2d 722, 730 (N.D. Ohio 1999). Here, Champion alleges the Defendants not only used Champion's trade secrets

---

[2] Plaintiff contends Defendant Gibson himself formalized "policies and procedures for Champion to protect its trade secret business information as confidential and proprietary in nature." R. 1-1, ¶ 8.

5

(1:13-cv-01195)

without authorization to submit Vista's bid to the food program, but also prevented Champion from successfully submitting its own bid to the 2013 OAF summer food program and interfered with Champion's other business relationships. *See*, e.g., R. 1-1, ¶¶ 40, 47, 59.

Champion asserts a claim with regards to spoliation of evidence and conversion. Champion alleges that Gibson, "acting for himself and on behalf of all Defendants" intentionally cleared the memory of the laptop computer. *Id.* ¶ 27. Champion additionally alleges the laptop contained information Champion sought to use "for purposes of gathering evidence for its claims against Gibson in the litigation," and Gibson erased the hard drive "in preparation for the injunction hearing." R. 1-1, ¶ 57. This is sufficient to state Ohio's five-element spoliation of evidence cause of action. *See Ed Schmidt Pontiac-GMC Truck, Inc. v. DaimlerChrysler Motors Co., LLC*, 538 F.Supp.2d 1032, 1034 (N.D. Ohio 2008) (citations omitted). Further, these facts are alleged in addition to Plaintiff's trade secrets claim, and as such, Plaintiff's spoliation and conversion claims are not pre-empted by OUTSA.

Champion's civil conspiracy claim is also not pre-empted by OUTSA for failure to plead facts in addition to Champion's trade secret claim. It is not the case, as Defendants argue, that "the only alleged unlawful act would be the alleged misappropriation of trade secrets." R. 15-1, PageID#: 281. Champion's complaint cites to facts in addition to the facts cited in support of its misappropriation claim, such as the interference with Champion's business relations and the alleged activities relating to the laptop computer. As such, Champion's common law claims are not pre-empted by OUTSA.

6

(1:13-cv-01195)

Finally, Defendants argue the fraud claim does not meet the requirements of Rule 9(b). R. 14-1, PageID#: 228. This rule requires a plaintiff "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). Here, Plaintiff Champion identified the speaker as Matthew Gibson, and that the statements were made in early 2013 in connection with the 2013 OAF bidding program. *See* R. 1-1, ¶ 46-48. Finally, Plaintiff Champion explained why the statements were fraudulent. *See id.* ¶ 49. The Court finds Plaintiff has satisfied the heightened pleading requirements of Rule 9(b).

## CONCLUSION

The Court concludes Plaintiff's common law claims are not pre-empted by OUTSA and Plaintiff has stated claims upon which relief can be granted with regards to all seven causes of action. Accordingly, Defendants' 12(b)(6) motions to dismiss for failure to state a claim are **DENIED**.

Further, the Court establishes the following case management plan: fact and expert discovery closes November 30, 2013; dispositive motions are due December 30, 2013; responses are due January 17, 2014; replies are due January 31, 2014.

(1:13-cv-01195)

In addition, if Plaintiff intends to file a motion for injunctive relief, it must do so by August 30, 2013.

IT IS SO ORDERED.

| | |
|---|---|
| <u>August 6, 2013</u> | <u>*s/ David D. Dowd, Jr.*</u> |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |