UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHAMPION FOODSERVICE, LLC, | ) | CASE NO. 1:13-cv-1195 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| VISTA FOOD EXCHANGE, INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Pending before the Court is the motion of defendants Vista Food Exchange and Joshua Newman (collectively, "Vista") to dismiss plaintiff's second amended complaint (Doc. No. 404 ["SAC"]), or alternatively to strike, and for sanctions. (Doc. No. 405 ["Vista's MTD"].) Also pending is the motion of defendants Matthew Gibson and Innovative Foodservice (collectively, "Gibson"), to dismiss the SAC, or to strike, and adopting Vista's MTD by reference. (Doc. No. 413 ["Gibson MTD"].) Plaintiff has opposed both Vista's motion (Doc. Nos. 415 ["Opp. Vista"]), and Gibson's motion (Doc. No. 420 ["Opp. Gibson"]). Vista filed a reply. (Doc. No. 426 ["Reply"].) For the reasons contained herein, Vista's MTD and Gibson's MTD are DENIED.

## I. BACKGROUND

The Court assumes familiarity with the factual background and long procedural history of this case. The recent history relevant to defendants' pending motions begins with the Court's Order of March 17, 2015, granting plaintiff leave to file a second amended complaint for the sole purpose of including the claims asserted in Champion's proposed supplemental pleading filed at Doc. No. 188-11. (Doc. No. 391 at 18786[1] and the Court's Minute Order of March 31, 2015 (collectively, "Orders").)

In its first amended complaint ("FAC"), Champion asserted seven causes against the defendants relative to certain contracts with the Ohio Association of Foodbanks ("OAFB") in 2013—breach of fiduciary duty, misappropriation of trade secrets, tortious interference, fraud, spoliation, conversion, and conspiracy among the defendants with respect to the alleged wrongful conduct. (*See* Doc. No. 1-1 ["FAC"].) Plaintiff later sought to assert supplemental averments regarding three new areas of damages that plaintiff claims arise from defendants' conduct alleged in the FAC: (1) a request for a quote from the Charlotte-Mecklenburg Schools in 2013; (2) the 2014 OAFB contracts; and (3) monies paid to Binary Intelligence to conduct a forensic inspection of the laptop computer at issue in this case. (*See* Doc. No. 188-11.)

In the second amended complaint filed with leave of Court (Doc. No. 401), plaintiff simply incorporated the allegations of the FAC by reference and asserted the three new damage claims. (Doc. No. 401.) The Court conducted a telephonic status

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

2

conference on March 31, 2015, and required Champion to refile the second amended complaint and "allege the facts (without incorporation by reference), that support each separate cause of action that plaintiff asserts, relative to each of the 2013 and 2014 contracts, or any other damages, that plaintiff claims." (Minute Order March 31, 2015.)

The thirty-nine page SAC filed thereafter is the subject of defendants' motions. Very briefly, Champion alleges in support of its claim for damages with respect to the 2013 Charlotte-Mecklenburg request for quote that Gibson breached his fiduciary duty, fraudulently concealed the request for quote from Champion, tortiously interfered with Champion's business relationship with Charlotte-Mecklenburg, and that Vista conspired with Gibson in this conduct to conceal the request for quote from Champion and interfere with the business relationship. (SAC ¶¶ 67-110.) With respect to the 2014 OAFB contracts, the SAC claims that these alleged damages result from defendants' tortious interference with Champion's business relationship with the OAFB, Gibson's spoliation of the laptop computer, and Vista's conspiracy therewith. (SAC ¶¶ 111-240.) And finally, regarding Champion's allegations with respect to Binary Intelligence, the SAC alleges that those damages were caused by Gibson's spoliation of the laptop and Vista's conspiracy to commit spoliation of the laptop. (SAC ¶¶ 141-179.)

## II. DISCUSSION AND ANALYSIS

Vista invokes Fed. R. Civ. P. 41(b), 12(f)(2), 12(b)(6), and the Court's inherent powers in support of its multiple and alternative arguments that: (1) the SAC should be dismissed because the pleading violates the Court's Orders; (2) the supplemental pleadings of the SAC should be stricken because of extreme prejudice to

3

Vista; (3) the SAC should be dismissed because it is untimely and improper; (4) the supplemental pleadings in the SAC fail to state a claim against Vista for tortious interference with the 2013 Charlotte-Mecklenburg and 2014 OAFB contracts, and for costs associated with the Binary Intelligence inspection; and (5) the action should be dismissed, and attorney fees and costs awarded, as a sanction against Champion and its attorneys.

Defendant Matthew Gibson joins Vista's MTD, and also separately moves to strike and dismiss the SAC "because it does not comply with the Federal Rules and it does not comply with this court's order[,]" or to dismiss plaintiff's supplemental pleadings with respect to the 2013 Charlotte-Mecklenburg and 2014 OAFB contracts pursuant to Rule 12(b)(6) for failing to state a claim because "the claims asserted are too speculative to be plausible and there is no basis for liability." (Gibson MTD at 19046-48.)

After reviewing the briefs and considering the parties' positions, the Court concludes that defendants' arguments are not without some merit. Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement setting forth the claims, and Rule 10(b) provides for the organization of pleadings in order to ensure clarity. The SAC complies with neither of these dictates. Instead, it is unwieldy and cumbersome. The Court did not permit adoption by reference because, in the first iteration of plaintiff's SAC, it was impossible to tell to which legal claims plaintiff was tethering its newly-asserted claims for damages. When given a chance to correct its pleading, plaintiff has now resorted to alleging that its additional damages flow from virtually all the legal claims it asserted in its original complaint, with the possible

4

exception of two claims—misappropriation and conversion. In the end, plaintiff may have overreached in a way that merits this Court's sanction.

That said, the Court allowed amendment of the FAC for the purposes of efficiency and judicial economy because the supplemental damages claims regarding the 2013 Charlotte-Mecklenburg and 2014 OAFB contracts, and Binary Intelligence, arguably arise out of the same factual allegations asserted in the FAC. To avoid prejudice to defendants, the Court allowed defendants to conduct additional discovery with respect to the supplemental claims until June 30, 2015.[2] (*See* Doc. No. 391 at 18785-86; Minute Order March 31, 2015.)

In addition to the Court's original motivations of efficiency and judicial economy, the Court notes that a complete consideration of the parties' arguments regarding defendants' motions would require the Court to consider materials outside the pleadings. Discovery on the supplemental pleadings concludes June 30, 2015, and summary judgment motions are scheduled to be filed by July 31, 2015. If the case survives summary judgment, a jury trial is scheduled for April 20, 2016.

After due consideration of all of these factors, the Court concludes that it will permit the case to proceed on plaintiff's claims in the SAC. Defendants' Rule 41 and Rule 12 motions are denied.

---

[2] The Court allowed amendment of the complaint to assert the three new damages claims contained in plaintiff's proposed supplemental pleading (Doc. No. 391 at 18786 referring to Doc. No. 188-11), but the Court's order reopening discovery only addressed the 2013 Charlotte-Mecklenburg and 2014 OAFB contracts, which were the subject of the Special Master's proposed order then under consideration by the Court. However, Court's order reopening discovery applies to all three of the new damage claims asserted, including the damage claim relative to Binary Intelligence.

With respect to the portion of defendants' motions seeking sanctions, the Court declines to consider sanctions at this time. As previously ordered, the parties may reassert their arguments for sanctions, if counsel believe in good faith that such arguments have merit, in the context of the parties' summary judgment motions. (*See* Doc. No. 397 at 18892.)

### III. CONCLUSION

For the reasons contained herein, Vista's and Gibson's motions are denied. Vista's motion for an expedited briefing schedule and hearing is moot, and the motion to continue the discovery deadline pending the Court's ruling on the motion to dismiss is denied. (Doc. No. 406.) The directives, dates and deadlines established in the Court's prior orders, including the discovery and dispositive motions deadline, remain unchanged and in effect.

**IT IS SO ORDERED**.

Dated: June 17, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**