UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHAMPION FOODSERVICE, LLC, | ) | CASE NO. 1:13-cv-1195 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | (Resolving Doc. No. 503) |
| VISTA FOOD EXCHANGE, INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the partial objection of plaintiff Champion Foodservice, Inc. ("plaintiff" or "Champion") to Magistrate Judge Limbert's order found at document number 499. (Doc. No. 503 ["Obj."].) Defendants Vista Food Exchange, Joshua Newman, Matthew Gibson, and Innovative Foodservice (collectively, "defendants") responded to plaintiff's objection. (Doc. No. 507 ["Resp."].) For the reasons that follow, plaintiff's objections are sustained in part, overruled in part, and remanded in part to the magistrate judge for further proceedings.

**A. MJ Limbert's Order**

   **1. Plaintiff's objections**

Magistrate Judge Limber's order addressed several issues raised in four separate filings. (Doc. No. 499 ["Order"] at 20559.[1]) Plaintiff's partial objection is directed to the portion of order regarding: (1) removal of the "attorneys eyes only" designation from all electronically store information ("ESI") discovery obtained from Champion's computers; and (2) fees and

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

expenses that Champion must pay in connection with the re-deposition of Champion's Rule 30(b)(6) witnesses ordered by the Court on March 18, 2015. (Obj. at 21833.) Plaintiff does not object to the balance of the magistrate judge's order. No objection has been filed by defendants. Accordingly, this memorandum opinion is limited to the portion of the magistrate judge's order to which plaintiff has objected.

**2. Standard of review**

These non-dispositive issues were referred to the magistrate judge pursuant to Fed. R. Civ. P. 72(a). Parties may object to an order issued by a magistrate judge regarding non-dispositive matters, and a district judge must consider timely objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636 (b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glasser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted).

"In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of discretion' standard. An abuse of discretion occurs when a court improperly applies the law or uses an erroneous legal standard." *Phillips v. Philip Morris Cos., Inc.,* No. 5:10CV1741, 2013 WL 3291516, at *2 (N.D. Ohio June 28, 2013) (some internal quotation marks omitted) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.,* No. 1:96-CV-01780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *United States v. Taplin,* 954 F.2d 1256, 1258 (6th Cir. 1992))).

A finding is clearly erroneous when "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . the

test is whether there is evidence in the record to support the lower court's finding, and whether its construction of the evidence is a reasonable one." *Phillips*, 2013 WL 3291516, at *2 (internal quotation marks omitted) (quoting *JGR, Inc.*, 2006 WL 456479, at *1 (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir. 1985))).

**B. Objection 1—Attorney-eyes only designation ESI discovery**

This dispute relates to files produced from ESI discovery of Champion's computers. Champion claims, due to limited financial resources, that it is unable to review the files for privilege, and therefore designated the entire ESI production "attorney's eyes only" without regard to the content of the files. Defendants seek an order requiring Champion to remove the blanket "attorney's eyes only" designation and produce a privilege log for the documents it seeks to protect. (*See* Doc. No. 487 at 20288-89.).

In ruling on this issue, the magistrate judge noted that the "Plaintiff contends that the AEO designation was proper, and that a review of all the documents for privilege is an 'insurmountable task' based on Plaintiff's resources. . . . [and] it appears from the dispute that the parties are unwilling or unable to cooperate in determining which documents are privileged." (Order at 20564.) The magistrate judge then ruled that

> Since the parties are unable to work together to determine which documents are privileged, the undersigned orders that the AEO designation be lifted and the documents previously marked with the AEO designation to be filed under seal. If Defendants use privileged information in their motion for summary judgment, or subsequently in this case, Plaintiff is free to object to the use. This solution should alleviate Defendants' concerns that relevant, non-privileged information is being kept out of reach, and the Plaintiff's concerns regarding bearing the cost of a review of the information for privilege.

(*Id*. at 20564-65.).

Plaintiff objects to Magistrate Judge Limbert's order that the blanket AEO designation be lifted and the documents filed under seal. Plaintiff contends that this order is

3

clearly erroneous based on "undeniable facts" because "[l]ifting the AEO designation would expose Champion's most sensitive attorney-client and work-product communications directly related to the issues in this case, and it would be an impossible task for Champion, or anyone, to file each of the 135,196 files in question under seal." (Obj. at 21836.).

Champion also continues to argue that defendants exceeded the scope of the Court's ESI discovery order, essentially attributing to defendants plaintiff's situation of being financially unable to conduct a privilege review and physically unable to file the documents under seal. But plaintiff's contentions regarding the scope of ESI discovery has already been addressed and is not the subject of the magistrate judge's order presently at issue. Indeed, Champion withdrew its earlier objections to an earlier order by Magistrate Judge Limbert in that regard. (*See* Doc. Nos. 466 and 467.).

By way of relevant background, early in the ESI discovery process plaintiff claimed that it lacked financial resources to review 95,998 e-mail files for privilege, and withheld the e-mails on that basis. These e-mails accounted for only a portion of the total ESI discovery now at issue. In an effort to accommodate plaintiff's claimed lack of resources to conduct a privilege review, and defendants' immediate need to access that discovery, Magistrate Judge Limbert ordered that the e-mails be produced to defendant Vista Food Exchange labelled "attorney eyes only," that such production did not operate as a waiver of the attorney-client privilege, and that if Vista encountered documents that appeared to be privileged, Vista was to not examine the documents, but return them to plaintiff. (Doc. No. 464 ["7/22/15 MJ Order"] at 1998-99.) In this way, the magistrate judge facilitated defendants' review and accommodated plaintiff's claimed inability to conduct a privilege review. Plaintiff has now applied an "attorney

4

eyes only" designation to the entire body of ESI discovery on the grounds that it lacks the resources to conduct a privilege review.

Magistrate Judge Limbert's order that the "attorney eyes only" designation of Champion's ESI discovery be removed is not clearly erroneous. The protective order in this case governing the use of confidential information does not provide for "attorney eyes only" designation. (*See* Doc. No. 46.) Further, except for the limited set of e-mails described in the magistrate judge's order of July 22, 2015, the Court finds no order or orders in the record that authorize plaintiff to apply a blanket "attorney eyes only" designation to all the ESI discovery, and plaintiff has not pointed the Court to any such authorization.

Rule 26(b)(5) of the Federal Rules of Civil Procedure governs the withholding of otherwise discoverable information on the basis of privilege and the procedure required for doing so. The burden of establishing the attorney-client privilege, and work product privilege, rests with the party asserting it. *Randleman v. Fidelity Nat. Title Ins. Co*., 251 F.R.D. 281, 284-85 (N.D. Ohio 2008) (citations omitted). Simply asserting that a body of documents contains privileged information is not sufficient to meet that burden. *See In re Trans-Industries, Inc.*, No. 1:10 MC 34, 2011 WL 1130410, at * 4 (N.D. Ohio Mar. 28, 2011) (citation omitted). Champion's claimed financial inability to review the ESI discovery for privilege, and designation of the ESI discovery as "attorney eyes only" in an effort to protect whatever privileged documents may be contained therein, attempts a blanket assertion of privilege as to an entire body of ESI without regard to content, and is inappropriate under Rule 26. *U.S. v. El Paso Co.* 682 F.2d 530, 539 (5th Cir. 1982) ("[T]he attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents.") (citations omitted). To the contrary,

5

assertions of privilege are to be narrowly construed. *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005) (citation omitted).

Plaintiff initiated this litigation and is obligated to comply with the Federal Rules of Civil Procedure regarding discovery. After instituting a lawsuit, plaintiff cannot use lack of financial resources as an excuse for failing to fulfill its discovery obligations and carry its burden under Rule 26(b)(5) to identify privileged documents. This is particularly true here given the nature and ever-growing expansiveness of the claims that plaintiff has alleged. Plaintiff's designation of all ESI discovery as "attorney eyes only" effectively requires defendants to obtain plaintiff's permission for each and every document that defendants' counsel desires to review with their clients. Defendants have a right to defend themselves in this action, and a right to unfettered access to discovery that is not privileged. Plaintiff cannot both forgo its duty to protect and identify its own privileged documents, and then complain that the magistrate judge's order places those unverified, unidentified, and unknown privileged documents in jeopardy. Accordingly, plaintiff's objection to Magistrate Judge Limbert's order to remove the "attorney eyes only" designation of the ESI discovery is overruled.

Plaintiff also objects that the order to file all the ESI documents under seal runs contrary to the Court's admonitions that these proceedings are open to the public, and that it is physically impossible to electronically file all ESI discovery documents under seal. Plaintiff's objection to this aspect of this aspect of Magistrate Judge Limbert's order is sustained, and the order is modified and clarified as follows:

Plaintiff need not file all of the ESI documents formerly designated as AEO under seal. However, to the extent that any of the ESI documents formerly designated as AEO are

utilized as exhibits in connection with dispositive motions and constitute confidential information pursuant to the protective order, those documents shall be filed under seal.

The Court has previously ordered that removal of the "attorney eyes only" designation of Champion's ESI discovery does not operate as a waiver of plaintiff's attorney-client privilege. (*See* 7/22/15 MJ Order at 1998-99.) Despite the lifting of the AEO designation from plaintiff's ESI discovery, defendants are obligated not to utilize plaintiff's privileged material in any manner. If during their review of plaintiff's ESI, defendants' counsel encounter documents that appear to be privileged, defendants' counsel shall neither examine such documents (except to the extent necessary to identify the documents as privileged) nor show the documents to their clients, and shall immediately return those documents to plaintiff. If the Court finds that defendants have failed to make a good faith effort to identify, return to plaintiff, and not utilize privileged material as required by this Order, the Court may impose sanctions on the defendants.

**C. Objection 2—Plaintiff's responsibility for Rule 30(b)(6) re-deposition costs**

This dispute was raised by plaintiff in its Notice of Request for Clarification of its obligation to pay the costs for the re-deposition of Champion's Rule 30(b)(6) witnesses as ordered by the Court on March 18, 2015 (Doc. No. 393 ["3/18/15 Order"]). (Doc. No. 469 ["Request"].) In the March 18th Order, the Court concluded that Champion had not fulfilled its obligation to produce a Rule 30(b)(6) witness that was prepared or knowledgeable about plaintiff's lost profits claim, and ordered Champion to produce one or more Rule 30(b)(6) witnesses for an additional deposition.

> . . . Before selecting a witness or witnesses, Champion shall again review the topics that Vista seeks to discover on the issue of damages, and identify the appropriate individual(s) within its organization to provide testimony on those

> topics. The witness(es) must be knowledgeable and prepared to testify regarding all discoverable topics.
>
> The deposition(s) shall be conducted at Champion's expense, including court reporter costs and attorney fees for Vista's counsel. The topics identified in the Special Master's proposed order, as well as any additional topics Vista may have relating to Champion's lost profit claims, may be explored. The Court will not impose a time limit on the deposition(s).

(3/18/15 Order at 18805.).

The re-deposition ordered by the Court regarding lost profits was conducted over two days with two witnesses produced by Champion. Vista's counsel, Attorney Scott, submitted a two-page letter to Champion requesting payment for fees and expenses totaling $24,235.64. (Doc. No. 469-1.).

In its request for clarification, Champion states that it paid for the court reporter and deposition transcripts, but should be relieved from payment of defense counsel's travel expenses to and from Dallas to Columbus, counsel fees to prepare for the depositions, and counsel fees for the entire duration of the deposition. (Order at 20560.) In addition, plaintiff challenges the hourly rate charged by Attorney Scott because Vista has not provided any information by which the hourly rate may be assessed.

Magistrate Judge Limbert resolved Champion's request for clarification as follows:

> The March 18, 2015 Order indicates that the depositions shall be conducted at Plaintiff's expense. ECF Dkt. #393 at 6. Traveling to the deposition location, preparing for the depositions, and being compensated for the actual duration of the depositions are all expenses that normally arise when depositions are conducted. The undersigned can find no reason to deviate from the Court's order regarding Plaintiff's responsibility to pay the costs of the deposition. However, the undersigned notes that Plaintiff correctly points out that the total preparation time equals 20.05 hours, rather than 20.50 hours. Attorney Scott's fees are facially reasonable, and Attorney Scott, as an officer of the Court and in formal filings, had indicated the validity of the expenses.

(Order at 20560-61.).

Champion's objects to two aspects of this ruling: (1) that Attorney Scott's fees are facially reasonable, and Attorney Scott, as an officer of the Court and in formal filings, had indicated the validity of the expenses; and (2) that traveling to and preparing for the depositions is compensable under the Court's order. (Obj. at 21842.) Plaintiff contends that these findings are "contrary to law" because they improperly apply the law and there is no evidence to support them. First, Champion argues that case law requires that a fee award be reasonable and supported by documentation. Second, the Court did not order payment for travel and preparation expenses, and even if it did, because Vista took other depositions while in the deposition location for the Rule 30(b)(6) deposition ordered by the Court, Champion should not be required to pay travel expenses. Plaintiff also contends that Vista exceeded the deposition time permitted by the Federal Rule without the Court's permission.

### 1. Travel and preparation expenses

With respect to the second aspect of Champion's objection, plaintiff argues that the magistrate judge's order is "contrary to law" because the Court's March 18th order does not provide for payment of travel and preparation expenses. Champion is wrong. The Court ordered the re-deposition of plaintiff's Rule 30(b)(6) witnesses regarding lost profits because plaintiff failed to provide a prepared and knowledgeable witness when Vista first conducted that deposition. The Court's Order does not limit the expenses Champion must pay to court reporter costs and attorney fees, but only states that those expenses are included among the expenses that Champion must pay. Travel and preparation costs are typical and normal expenses incurred in connection with a deposition and, if reasonable and incurred in connection with the re-deposition ordered by the Court, are Champion's responsibility to pay. Accordingly, plaintiff's objection is overruled.

*2. Calculation of fees, travel expenses and costs; time limit*

Champion also argues that defendants exceeded the time limit for depositions permitted by the Federal Rules without seeking leave of Court to do so. No such leave was necessary. In ordering the re-deposition, the Court specifically ruled that "[t]he Court will not impose a time limit on the deposition(s)." (3/18/15 Order at 18805.).

The Court has already determined that the Champion must bear defendants' fees and expenses to re-depose Champion's Rule 30(b)(6) witnesses regarding lost profits as a sanction for plaintiff's failure to comply in the first instance with the requirements for producing Rule 30(b)(6) witness. *See* Fed. R. Civ. P. 37; *Nacco Materials Handling Group, Inc. v. Lilly Co.*, 278 F.R.D. 395, 400-02 (W.D. Tenn. 2011) (payment for fees and expenses incurred to re-depose a Rule 30(b)(6) witness as a result failure to provide a proper and prepared witness is an appropriate sanction to impose). But Vista was not issued a blank check. Expenses, costs, and attorney fees must be reasonable. *Nacco,* 278 F.R.D. at 401 (citing Rule 37). With respect to the calculation of attorney fees, courts typically have applied the lodestar method. *Watkins & Son Pet Supplies v. The Iams Co.*, 197 F. Supp. 2d 1030, 1032-33 (S.D. Ohio 2002) ("Courts have held that the lodestar method of calculating reasonable attorney fees is applicable to fees awarded under Rule 37.") (collecting cases).

Vista failed to provide the magistrate judge with sufficiently detailed information regarding time entries, rates, receipts, and other information required to establish a reasonable hourly rate and a reasonable nexus between Vista's application for fees and expenses and the re-deposition ordered by the Court. Vista shall submit appropriate documentation to the magistrate judge that includes sufficient detail in order that the magistrate judge may evaluate the hours expended by counsel, the rate charged, costs and expenses for travel, and other necessary

documentation that would allow the magistrate judge to properly review defendants' application for fees and expenses and perform a lodestar analysis. The portion of the magistrate judge's order approving the amount submitted by Vista for reimbursement is set aside and this matter is remanded to the magistrate judge for further review and consideration of Vista's application for fees, costs, and expenses associated with the re-deposition ordered by the Court. In his review, the magistrate judge should consider that defendants are only entitled to reimbursement of fees and expenses *reasonably* incurred in connection with the re-deposition. For example, the magistrate judge may conclude that defendants are entitled to only a portion of the travel expenses incurred in connection with the re-deposition since the travel was incurred for other depositions as well, and may also conclude that defendants are not entitled to reimbursement for a rough draft of and expedited transcripts if the magistrate finds that one or both of those transcripts was unnecessary and, therefore, not reasonably incurred.

**D. Conclusion**

As set forth above, plaintiff's objection to the order of the magistrate judge (Doc. No. 499) is sustained in part and overruled in part. Additionally, the issue of the amount of reimbursement to which Vista is entitled for the re-deposition of Champion's Rule 30(b)(6) witness is remanded to the magistrate judge for further consideration.

**IT IS SO ORDERED**.

Dated: November 16, 2015

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**