UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHAMPION FOODSERVICE, LLC, | ) | CASE NO. 1:13-cv-1195 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | (Resolving Doc. Nos. 520 and 521) |
| VISTA FOOD EXCHANGE, INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the objections of defendants Vista Food Exchange, Inc. and Joshua Newman (collectively, "Vista") (Doc. No. 520 ["Vista Obj."]), and Matthew Gibson and Innovative Foodservice (collectively, "Gibson") (Doc. No. 521 ["Gibson Obj."]) to Magistrate Judge Limbert's Interim Report and Recommendation (Doc. No. 517 (["R&R"]). For the reasons that follow, defendants' objections are overruled.

**A. MJ Limbert's Interim Report and Recommendation**

Vista filed a "renewed motion" pursuant to the Court's order at Doc. No. 393 to exclude Champion's lost profits claims (Doc. No. 500), consisting of a nineteen (19) page brief and over seven hundred (700) pages of exhibits, in which Gibson summarily joined (Doc. No. 513). The Court referred the motions to Magistrate Judge Limbert for preparation of a report and recommendation. (Doc. No. 502.).

After the motions were fully briefed, the magistrate judge recommended that they be denied because they are premature dispositive motions seeking sanctions, which the Court has previously ordered shall be filed as a single combined motion. (R&R at 22705-07.).

**1. Defendants' objections**

In its eleven (11) page objection, Vista contends that the magistrate judge's recommendation forgoes the opportunity to maximize judicial economy by eliminating the need to consider a significant portion of plaintiff's liability claims on summary judgment, and erroneously interprets the Court's orders requiring dispositive motions and motions for sanctions to be filed in a single combined motion. Gibson's objection echoes Vista's.

**2. Standard of review**

The motions were referred to the magistrate judge pursuant to Fed. R. Civ. P. 72. Parties may object to an order issued by a magistrate judge regarding non-dispositive matters, and a district judge must consider timely objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636 (b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glasser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted).

"In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of discretion' standard. An abuse of discretion occurs when a court improperly applies the law or uses an erroneous legal standard." *Phillips v. Philip Morris Cos., Inc.,* No. 5:10CV1741, 2013 WL 3291516, at *2 (N.D. Ohio June 28, 2013) (some internal quotation marks omitted) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.,* No. 1:96-CV-01780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *United States v. Taplin,* 954 F.2d 1256, 1258 (6th Cir. 1992))).

A finding is clearly erroneous when "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of the evidence is a reasonable one." *Phillips*, 2013 WL 3291516, at *2 (internal quotation marks omitted) (quoting *JGR, Inc.*, 2006 WL 456479, at *1 (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir. 1985))).

**B. Analysis**

Vista's motion to exclude plaintiff's lost profits claim is a "renewed" motion to exclude lost profits damages. In its original motion, Vista sought to exclude plaintiff's lost profits claim as a sanction for alleged discovery violations. But in the instant "renewed" motion, Vista contends that defendants are seeking to exclude plaintiff's lost profits claim as a remedy, not a sanction.

In denying Vista's original motion to exclude plaintiff's lost profits claim without prejudice, the Court ordered additional discovery and indicated that if Champion failed to provide the discovery ordered by the Court, "Vista may file an appropriate motion." (Doc. No. 393 at 18806.) Vista contends that its renewed motion simply complies with that order. In a later order, the Court ordered that "[m]otions for summary judgment, and sanctions, if appropriate, must be filed as one single combined motion." (Doc. No. 454 at 19923.) In addition, the Court ordered strict procedures and page limits for filing dispositive motions. (*Id*. at 19923-25.).

In support of the motion, Vista cites *Bessemer & Lake Erie R.R. v. Seaway Marine Trans*., 596 F.3d 357 (6th Cir. 2010). In *Bessemer*, the district court granted plaintiff summary judgment on the issue of liability, but granted defendant's summary judgment motion with respect to plaintiff's lost profits claim because of deficiencies in discovery. The Sixth

Circuit affirmed the district court's exercise of its discretion to exclude evidence of plaintiff's lost profits claim because plaintiff did not meet its Rule 26 obligations in that regard.

The magistrate judge's recommendation that defendants' motions to exclude plaintiff's lost profits claim be denied as premature is not clearly erroneous, indeed, the magistrate judge has correctly interpreted the Court's orders. Vista disingenuously characterizes the exclusion of plaintiff's lost profits claim as a remedy rather than a sanction in an effort to avoid the Court's instructions that dispositive motions and motions for sanctions must be filed as a single combined motion. In addition, after generating an enormous amount of briefing over this issue, which consumed the time of two judicial officers, Vista claims that since the paperwork is already in place, it is now more efficient for the Court to simply decide the motion. However, Vista cannot create inefficiency and then object to the magistrate judge's reasoned recommendation on the basis of efficiency.

Defendants' objections are overruled, and defendants' motions to exclude plaintiff's lost profits claim are denied without prejudice and with leave to reassert those arguments in an appropriate motion—that is, in a combined motion for summary judgment and sanctions.

**IT IS SO ORDERED**.

Dated: November 16, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**